ORIGINAL

# In the United States Court of Federal Claims

No. 13-760C
(Filed: April 10, 2015)

**FILED**

NOT FOR PUBLICATION

APR 1 0 2015

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| JOSEPH FRANK PIOTROWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | RCFC 15(a)(2) Motion to Amend the |
| | ) | Complaint ; RCFC 59(a) Motion for |
| | ) | Reconsideration; RCFC 59(e) Motion |
| v. | ) | to Alter or Amend Judgment; RCFC |
| | ) | 60(b) Motion for Relief from a Final |
| THE UNITED STATES, | ) | Judgment |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER

CAMPBELL-SMITH, Chief Judge

Pro se plaintiff Joseph Piotrowski, a former military officer, filed a military pay action against the Army (defendant), seeking past and future retirement pay. The court granted defendant's motion to dismiss for lack of jurisdiction on December 30, 2014, Piotrowski v. United States, No. 13-760C, 2014 WL 7476033, at *3 (Fed. Cl. Dec. 30, 2014), and judgment was entered later that day, ECF No. 35. Now pending before the court is Plaintiff's Motion for Reconsideration or to Alter or Amend Judgment (Pl.'s Mot.), filed by leave of court on February 3, 2015. ECF No. 36. Because plaintiff's motion is untimely, the court will treat it as a motion for relief from judgment under Rule 60(b). Plaintiff also seeks leave to amend his complaint. Pl.'s Mot. 3. For the reasons stated below, plaintiff's motion is **DENIED**.

I.      Background

The facts of this case are set forth in detail in the court's December 2014 decision. For ease of reference, the court provides an abbreviated version of the relevant facts here.

On August 10, 2000—five days after being charged with Driving Under the Influence ("DUI")—plaintiff requested voluntary retirement at his rank of Captain and asked to be "released from active duty and assignment on 30 November 2000 and [to be] placed on the retired list on 1 December 2000." Piotrowski, 2014 WL 7476033, at *2

1

(internal quotation marks omitted).  On November 3, 2000, the Army denied plaintiff's retirement request on the basis that he was not eligible to retire as a Captain.  Id. at *3. That same day, plaintiff submitted a second request to retire at the rank of Sergeant first class.  Id.  The Army denied this request on November 7, 2000.  Id.

In early 2001, the Army initiated court-martial proceedings against plaintiff related to his DUI.  Id.  While these proceedings were pending, plaintiff was charged with two additional DUIs, one of which resulted in a fatality.  Id.  On June 7, 2002, plaintiff was convicted by general court-martial of involuntary manslaughter and three instances of drunk driving and was sentenced "[t]o be reprimanded, to forfeit all pay and allowances, to be confined for 13 years and six months and to be dismissed from the service."  Id. (internal quotation marks omitted).  Additionally, "[p]ursuant to a plea agreement, the convening authority suspended all [of plaintiff's] prescribed confinement in excess of twelve years for a period of eight years."  Id.[1]  On May 24, 2007, after plaintiff had exhausted the appeal process, the Chief of Staff of the Army ordered that plaintiff be dismissed from service at midnight on June 7, 2008.  See id.

Plaintiff filed a complaint in this court on September 30, 2013, arguing, inter alia, that the Army acted contrary to law by not allowing him to retire in December 2000 and that, as a result, he was entitled to past and future retirement pay.  Id. at *1.  Defendant moved to dismiss the plaintiff's complaint on several grounds, including that plaintiff's retirement pay claim fell outside of the court's six-year statute of limitations.  Id. at *9. According to defendant, plaintiff's retirement pay claim accrued on June 7, 2007—the date on which the Army ordered that plaintiff's dismissal become effective.  See id. Plaintiff countered that his claim did not accrue until he received actual notice that he was being dismissed from the Army—April 1, 2008, which would have rendered timely the filing of his complaint.  Id.

In the December 2014 decision, this court observed that the parties' arguments rested on the theory that claims for military retirement pay based on an alleged wrongful discharge accrue on the date of discharge.  Id.  The court noted, however, that cases suggesting that a service member's claim for retirement pay accrues on the date of discharge are factually distinguishable from the case at hand.  Id. (citing Davis v. United States, 108 Fed. Cl. 331 (2012), aff'd, 550 F. App'x 864 (Fed. Cir. 2013); Levy v. United States, 83 Fed. Cl. 67 (2008); Kirby v. United States, 201 Ct. Cl. 527 (1973)).  The court found that the service members in those cases "alleged that they were wrongfully discharged before becoming eligible for voluntary retirement."  Id.  In other words, those retirement pay claims "were 'founded on the assertion that the claimant[s] had been

---

[1]     The convening authority approved the "execution of plaintiff's sentence with the exception of his dismissal from service, which was stayed pending the completion of the appellate process."  Piotrowski v. United States, No. 13-760C, 2014 WL 7476033, at *3 (Fed. Cl. Dec. 30, 2014).

improperly discharged (more than six years before suit) and except for that invalid separation [they] would have continued to serve until [becoming] eligible for retirement.'" Id. (quoting Carlin v. United States, 578 F.2d 1391, 722 (Ct. Cl. 1978) (unpublished table decision)).

According to the court, "plaintiff in this case contends that he should have been retired several years prior to his discharge from service; thus, plaintiff's asserted retirement pay claim is not based upon an effort to void an alleged unlawful discharge." Id. at *10. The court concluded "that all the events that fixed the liability of the government occurred no later than November 7, 2000," the date on which the Army denied plaintiff's second retirement request. Id. Because plaintiff filed his complaint nearly thirteen years after the accrual of his retirement pay claim—well outside the court's six-year statute of limitations—the court held that it lacked jurisdiction over plaintiff's retirement pay claim. Id. at *10–12.

Plaintiff now moves for reconsideration of this portion of the court's December 2014 decision. Pl.'s Mot. 1. Plaintiff contends that "there is a genuine issue of material fact in dispute on the issue of when Plaintiff's claim accrued," and reasserts his position that his retirement pay claim accrued on April 1, 2008. Id. at 2–3. Plaintiff's motion can also be read liberally as a request to amend his complaint to add a claim attacking his court-martial conviction. Id. at 3.

## II.    Discussion

### A.    The Court Treats Plaintiff's Untimely Rule 59 Motion as a Rule 60(b) Motion

Private litigants wishing to move for reconsideration under Rule 59(a) or to alter or amend judgment under Rule 59(e) must file such a motion within 28 days after entry of judgment. See RCFC 59(b)(1) (stating that a motion for reconsideration under the relevant provisions of RCFC 59(a) "must be filed no later than 28 days after the entry of judgment"); RCFC 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry the judgment."); cf. RCFC 59(b)(2) (affording the United States two years to file a motion for reconsideration based upon a showing "that any fraud, wrong, or injustice has been done to the United States"). Judgment was entered in this case on December 30, 2014, and thus plaintiff was required to have filed his motion for reconsideration or to alter or amend judgment no later than January 27, 2015. The Clerk's Office received plaintiff's motion on February 2, 2015, and plaintiff's motion was filed by the court's leave the next day. See Pl.'s Mot. 1. Plaintiff's motion for reconsideration or to alter or amend judgment is therefore untimely, and the rules clearly provide that the court "must not extend the time act under [Rules 59(b) and 59(e)]." RCFC 6(b)(2).

The court may, however, treat an untimely Rule 59 motion as a motion for relief from judgment under Rule 60(b). See Mendez v. United States, No. 11-160C, 2014 WL 2772590, at *1 (Fed. Cl. June 18, 2014) aff'd, No. 2014-5116, 2015 WL 106585 (Fed. Cir. Jan. 8, 2015) (treating an untimely Rule 59(a) motion as a Rule 60(b) motion); Branum v. Clark, 927 F.2d 698, 704 (2d Cir. 1991) (stating that an untimely Rule 59(e) motion is properly considered a Rule 60(b) motion under the Federal Rules of Civil Procedure). The court finds that it is in the interest of justice to consider plaintiff's motion as one for relief from judgment under Rule 60(b).

Rule 60(b) provides relief from final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

RCFC 60(b). Motions for relief based on the first three grounds listed in Rule 60(b) must be made within "a year after the entry of the judgment," and those based on the remaining grounds must be made within a "reasonable time." RCFC 60(c)(1).

Plaintiff's motion was filed February 3, 2015, which is both within a year after the December 30, 2014 entry of judgment and, in the court's view, within a reasonable time. Accordingly, plaintiff's motion for relief from judgment is considered timely based on any of the Rule 60(b) grounds.

B.   Rule 60(b) Is Unavailing

Plaintiff's motion challenges the court's determination as to when plaintiff's retirement claim accrued. The only relevant Rule 60(b) grounds for relief that could apply here are "(1) mistake, inadvertence, surprise, or excusable neglect," which includes "judicial error," Patton v. Sec'y of Dep't of Health & Human Servs., 25 F.3d 1021, 1030 (Fed. Cir. 1990), or "(6) any other reason that justifies relief."

4

In general, a Rule 60(b) motion for relief from final judgment "is one for extraordinary relief entrusted to the discretion of the Court, which may be granted only in exceptional circumstances." Sioux Tribe of Indians v. United States, 14 Cl. Ct. 94, 101 (1987), aff'd, 862 F.2d 275 (Fed. Cir. 1988) (internal citation omitted). "Under Rule 60(b)(1), relief may be granted from 'judicial error' when inadvertence is shown and the motion is made within a reasonable time." Patton, 25 F.3d at 1030. "A movant is entitled to relief under Rule 60(b)(6)—the 'catch-all' provision—if 'such action is appropriate to accomplish justice' and only in 'extraordinary circumstances.'" CEATS, Inc. v. Cont'l Airlines, Inc., 755 F.3d 1356, 1361 (Fed. Cir. 2014) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863–64 (1988)); cf. Delpin Aponte v. United States, No. 05-1043C, 2014 WL 3725933, at *1 n.2 (Fed. Cl. July 23, 2014) (observing that Rules 60(b)(1) and 60(b)(6) are "mutually exclusive"—such that "[a] movant seeking relief from judgment premised on inadvertence and neglect under RCFC 60(b)(1) cannot obtain relief under RCFC 60(b)(6) as well").

Plaintiff fails to establish judicial error or any other "mistake, inadvertence, surprise, or excusable neglect" to justify relief under Rule 60(b)(1). Similarly, plaintiff fails to establish the "extraordinary circumstances" necessary to justify relief under Rule 60(b)(6). See CEATS, Inc., 755 F.3d at 1361. Instead, plaintiff simply argues that his claim did not accrue until April 1, 2008, the date that he alleges he received notice that he was being dismissed from the Army. Pl.'s Mot. 2. This is the same argument that plaintiff made in his response to defendant's motion to dismiss. Piotrowski, 2014 WL 7476033, at *9–10. The court carefully considered and rejected this argument in its December 2014 decision. Id. at *10. "A motion under Rule 60 is not available simply to relitigate a case—it is an avenue to secure 'extraordinary relief . . . which may be granted only in exceptional circumstances.'" Wagstaff v. United States, 595 F. App'x 975, 978–79 (Fed. Cir. 2014) (quoting Sioux Tribe of Indians, 14 Cl. Ct. at 101). Having failed to present such exceptional circumstances, Rule 60(b) is unavailing.

Moreover, plaintiff's contention that "there is a genuine issue of material fact in dispute on the issue of when Plaintiff's claim accrued," Pl.'s Mot. 2, is also unavailing. The court has the power and obligation to "decide any disputed facts which are relevant to the issue of jurisdiction." Brown v. United States, 36 Fed. Cl. 290, 294 (1996), aff'd, 217 F.3d 858 (Fed. Cir. 1999). The court is "constrained to so proceed because the 'existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" LaMear v. United States, 9 Cl. Ct. 562, 568 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). In its December 2014 opinion, the court resolved the parties' factual dispute as to when plaintiff's retirement claim accrued, and ultimately concluded that plaintiff's claim accrued more than six years prior to the filing of his complaint. Thus, resolution of this disputed fact was required to reach a jurisdictional determination.

B.      Rule 15(a)(2) Is Unavailing

Plaintiff also seeks leave to amend his complaint to add a claim that his court-martial plea was entered into involuntarily and, thus, that his conviction was wrongful. See Pl.'s Mot. 3–4.

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." RCFC 15(a)(2).[2] "It is well established that the grant or denial of an opportunity to amend pleadings is within the discretion of the trial court." Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403 (Fed. Cir. 1989). Although the court should liberally exercise its discretion to grant leave to amend, denial of such request is justified when the amendment would be futile. Id. at 1403–04; see also Taylor v. United States, No. 13-112C, 2013 WL 1094818, at *1 (Fed. Cl. Mar. 18, 2013) (stating that a plaintiff's "postjudgment motion to amend his complaint . . . may be denied if the proposed amendment would be futile"); Stueve Bros. Farms, LLC v. United States, 107 Fed. Cl. 469, 476 (2012), aff'd, 737 F.3d 750 (Fed. Cir. 2013) (discussing various standards for a motion to amend the pleadings after a judgment has been entered).[3]

---

[2]     Plaintiff seeks to amend his complaint pursuant to RCFC 15(b)(2). Pl.'s Mot. 3. Rule 15(b)(2) sets forth the following:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

RCFC 15(b)(2). "[T]he application of this rule must be limited to issues which were actually tried by express or implied consent of the parties, so as to prevent prejudice to the opposing party and permit an opportunity to defend all new claims." Lanningham v. United States, 5 Cl. Ct. 146, 156 (1984). Because there was no trial in this case, Rule 15(b)(2) is not applicable here.

[3]     As observed in Stueve Bros. Farms, LLC v. United States, 107 Fed. Cl. 469 (2012), aff'd, 737 F.3d 750 (Fed. Cir. 2013), "[t]he United States Court of Appeals for the Federal Circuit . . . has not determined the standard to be applied when a party moves to amend its pleadings after judgment has been entered, and there appears to be a split of authority on the subject." Id. at 476 (footnote omitted). The court need not address this issue here, however, because plaintiff's motion to amend the complaint fails to meet the more lenient standard set forth in Rule 15.

Plaintiff's request to amend his complaint is futile because his involuntary plea claim is barred by the court's six-year statute of limitations. See 28 U.S.C. § 2501 (2012) ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). The court construes plaintiff's claim as a collateral attack on his court-martial conviction. Plaintiff's conviction became final on February 8, 2007, when the Court of Appeals for the Armed Forces denied his petition for review. Piotrowski, 2014 WL 7476033, at *14. Therefore, plaintiff's involuntary plea claim accrued no later than February 8, 2007 and, because his complaint was filed on September 30, 2013, it falls outside of the court's statute of limitations.

III.    Conclusion

For the foregoing reasons, plaintiff's motion for relief from judgment and request to amend the complaint are **DENIED**.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge